UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HEREDIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, NATIONAL BANK,<br><br>    Defendant. | Case No. 16-cv-02820-DMR<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 4 |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves the court to dismiss pro se Plaintiffs Steven Heredia and Lily Heredia's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 4.] The court held a hearing on September 1, 2016. For the following reasons, Defendant's motion is granted, and Plaintiffs' complaint is dismissed with leave to amend.

**I.    BACKGROUND**

In this action, Plaintiffs challenge Defendant's denial of a modification of the loan securing their residence in Santa Cruz, California. They make the following allegations in their complaint, all of which are taken as true for purposes of this motion.[1] Defendant is the servicer of Plaintiffs' mortgage, which secures the property at 426 Effey Street in Santa Cruz. Compl. ¶¶ 3, 19. In January 2016, Plaintiffs "received a Chapter 7 bankruptcy discharge." *Id.* at ¶ 20. They subsequently began contacting Defendant to seek mortgage assistance. In early February 2016, Defendant's customer representative and agent, Anthony Grant, informed Plaintiffs that Defendant needed Plaintiffs' income information in order to process a loan modification request. *Id.* at ¶ 21.

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

1   A week later, on February 11, 2016, Defendant's agent "Desirae" informed Plaintiff that in order
2   to process their loan modification request, Defendant "needed to see a change in Plaintiffs'
3   financial circumstances since Plaintiffs' previous modification request" in July 2015. Despite
4   Plaintiffs' reminder that they had recently filed for bankruptcy, Defendant "refused to process the
5   modification request." *Id.* at ¶ 22.

6   Plaintiffs again contacted Defendant on February 23, 2016 in order to request mortgage
7   assistance. They informed Defendant's representative "Sara" that Steven Heredia's income had
8   decreased from $2,000 per month to $1,600 per month. Sara then asked Plaintiffs to submit a
9   "profit loss statement" in order to proceed with their modification request. *Id.* at ¶ 23. Plaintiffs
10  allege they subsequently provided Defendant with the requested documentation. *Id.*

11  On March 29, 2016, Defendant denied Plaintiffs' modification request. *Id.* at ¶ 24.
12  Defendant sent Plaintiffs a letter dated April 11, 2016 stating that it was not moving forward with
13  the modification review because it had not received the "[m]ost recent 3 months or year to date
14  profit and loss statement," and the "[m]ost recent full personal or business bank statements where
15  the business is ran [sic] through." Compl. Ex. 2 (Apr. 11, 2016 letter from Wells Fargo Home
16  Mortgage). Plaintiffs allege that this communication "was false and a misrepresentation
17  knowingly made by [Defendant]" because "Plaintiffs had provided Defendant with Steven
18  Heredia's profit-loss statement and business bank statements." *Id.* at ¶ 25. They further allege
19  that Defendant refused to process their loan modification requests so that it could "capitalize upon
20  the Subject Property's rising equity," and instead scheduled a sale of the property. *Id.* at ¶ 26.
21  According to Plaintiffs, Defendant's February 4, 2016, February 11, 2016, and February 23, 2016
22  communications with Plaintiffs were "false" because "Wells Fargo had no intention of processing
23  Plaintiffs' modification request and intended to foreclose on the Subject Property in order to
24  capitalize on the Subject Property's rapidly rising equity." *Id.* at ¶¶ 32(a), (b), and (c).

25  Plaintiffs filed their complaint on May 25, 2016, alleging four claims against Defendant: 1)
26  fraud; 2) "misrepresentation"; 3) violation of the Federal Trade Commission Act, 15 U.S.C. §
27  45(a); and 4) equitable estoppel. Defendant moves to dismiss.
28

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26. The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

3

## III. DISCUSSION

### A. Fraud and Misrepresentation

Plaintiffs' first and second claims for relief are for fraud and "misrepresentation."[2] These claims are based upon Plaintiffs' allegations that Defendant "affirmatively misrepresented material facts," including the following: 1) the February 4, 2016 statement by Anthony Grant that "Wells Fargo needed Plaintiffs' income information in order to process a modification request"; 2) the February 11, 2016 statement by Desirae that "in order to process a modification request for the Loan, Wells Fargo needed to see a change in Plaintiffs' financial circumstances since Plaintiffs' previous modification request in July of 2015"; and 3) the February 23, 2016 statement by Sara that "in order to process a modification request for the Loan, Wells Fargo needed to see a change in Plaintiffs' financial circumstances since Plaintiffs' previous modification request in July of 2015" as well as Sara's request that "Plaintiffs provide Wells Fargo with a profit loss statement in order to proceed with a modification request." Compl. ¶¶ 32(a), (b), and (c), 39(a), (b), and (c). According to Plaintiffs, each of these communications were "false and a misrepresentation knowingly made by Wells Fargo, because in actuality, Wells Fargo had no intention of processing Plaintiffs' modification request and intended to foreclose on the Subject Property in order to capitalize on the Subject Property's rapidly rising equity." *Id*. Plaintiffs also allege that Defendant's statement in its April 11, 2016 letter that "it had not received a profit-loss statement for Steven Heredia and business bank statements" was also false because Plaintiffs had provided these documents. *Id*. at ¶ 32(d), 39(d).

To state a claim for fraud, Plaintiffs must allege "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quotation omitted). "Each element in a cause of action for fraud . . . must be factually and specifically alleged." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). In order to recover under fraud-based claims, a "party

---

[2] The court notes that Plaintiffs' misrepresentation claim is nearly identical to their fraud claim, and is based upon the same four alleged fraudulent statements by Defendant. *See* Compl. ¶¶ 32, 39.

1   must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.
2   9(b). Allegations of fraud must be stated with "specificity including an account of the 'time,
3   place, and specific content of the false representations as well as the identities of the parties to the
4   misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*quoting Edwards
5   v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see also Vess v. Ciba-Geigy Corp. USA*,
6   317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must include "the who, what, when,
7   where, and how" of the misconduct charged). Vague or conclusory allegations are insufficient to
8   satisfy Rule 9(b)'s particularity requirement. *Moore v. Kayport Package Express, Inc.*, 885 F.2d
9   531, 540 (9th Cir. 1989). "A party alleging fraud must 'set forth *more* than the neutral facts
10  necessary to identify the transaction." *Kearns*, 567 F.3d at 1124 (quoting *In re GlenFed, Inc. Sec.
11  Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). To comply with Rule 9(b), fraud allegations must be
12  specific enough to give defendants notice of the particular misconduct that is alleged to constitute
13  the fraud so that they can defend against the claim. *Bly-McGee v. Cal.*, 236 F.3d 1014, 1019 (9th
14  Cir. 2001).

15  Defendant argues that Plaintiffs' fraud claims are insufficiently pleaded because they do
16  not allege *how* any of the four communications from Defendant were fraudulent or inaccurate.
17  Indeed, it is hard to understand how a statement like "Wells Fargo needs Plaintiffs' income
18  information in order to process a modification request" constitutes fraud. Plaintiffs explain that
19  the three oral statements were all fraudulent because "Wells Fargo had no intention of processing
20  Plaintiffs' modification request," and instead intended to foreclose on the property. Compl. ¶¶ 32,
21  39. However, this allegation, which Defendant characterizes as "a grand conspiracy to wrongfully
22  deny [Plaintiffs] a loan modification," (Mot. at 7), is entirely conclusory and unsupported by any
23  facts.

24  Plaintiffs allege that Defendant made false statements in the April 2016 letter by claiming
25  that the bank had not received a profit-loss statement and bank statements. Plaintiffs explain that
26  these statements are fraudulent because they had in fact provided those documents to Defendant.
27  Compl. ¶¶ 32(d), 39(d). However, Plaintiffs do not allege that they submitted the documents as
28  specified in the letter:

5

- Most recent 3 months or year to date profit and loss statement. The profit and loss must show the month, year, and business name signed and dated. (Item received is dated January 1, 2016, through February 29, 2016. The dates on the profit and loss statement does [sic] not need [sic] minimum requirements of 3 months)
- Most recent full personal or business bank statements where the business is ran through. (Item received are from the November 2015 through January 2016 personal bank statements, however they do not support the profit and loss)

Compl. Ex. 2. In fact, the letter specifies that the documents Plaintiffs had submitted did not satisfy Defendant's requirements. *See id.* Therefore, Plaintiffs have not adequately alleged how any of the four challenged statements were false.

Defendants also argue that Plaintiffs have not adequately alleged that they justifiably relied on any of the fraudulent statements at issue. In order to plead "a bona fide claim of actual reliance," Plaintiffs "must allege the specifics of [their] reliance on the misrepresentation[s]." *Cadlo*, 125 Cal. App. 4th at 519. "Actual reliance occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction." *Id.* Here, Plaintiffs merely allege that in reliance upon Defendant's four alleged misrepresentations, they "avoided foreclosure alternatives (e.g. refinancing, deed in lieu of foreclosure, short sale, etc.) given [their] false belief that Defendant would modify [their] loan." Compl. ¶¶ 34, 41. This allegation of reliance is insufficient because it is entirely conclusory. Plaintiffs do not allege any specific facts supporting their reliance on the alleged misrepresentations. Moreover, it is unclear whether Plaintiffs can plausibly allege justifiable reliance. Plaintiffs allege that they "avoided foreclosure alternatives" based on their "false belief" that Defendant would grant them a loan modification. However, Plaintiffs have not alleged that Defendant ever promised them a loan modification. In fact, at the hearing, Plaintiffs stated that Defendant's representative told them that they would "most likely" receive a loan modification. It is not reasonable for Plaintiffs to rely on something far short of a promise of a loan modification in deciding not to pursue other alternatives to foreclosure. *See, e.g., Romo v. Wells Fargo Bank, N.A.*, No. 15-cv-03708-EMC, 2016 WL 3523779, at *4 (N.D. Cal. June 28, 2016) (noting a "justifiable reliance problem" with respect to forgoing foreclosure alternatives based on statement

that plaintiffs would get a trial loan modification which they never received).

Finally, Plaintiffs allege that they "were damaged as a result of Defendant's misrepresentations and omissions since Plaintiffs made numerous mortgage payments towards the Loan and such payments only served to benefit Defendant while Plaintiffs fell further into foreclosure." Compl. ¶¶ 35, 42.  This allegation is insufficient to establish that Plaintiffs were actually damaged by Defendant's alleged misrepresentations during the loan modification process, since California law does not impose any duty on lenders to agree to a loan modification.  *See Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1086 (N.D. Cal. 2015) (citing *Hamilton v. Greenwich Investors UUVI, LLC*, 195 Cal. App. 4th 1602, 1617 (2011)).

Plaintiffs' fraud claims are dismissed with leave to amend to plead specific allegations regarding Defendant's alleged misrepresentations and intent to defraud Plaintiffs, as well as facts supporting reliance and damages.

### B.    Violation of the Federal Trade Commission Act

Plaintiffs next allege that Defendant violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a), which prohibits "unfair or deceptive practices in or affecting commerce."  *See* 15 U.S.C. § 45(a)(1); Compl. ¶¶ 44-46.  There is no private right of action under the FTCA.  *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.").  Because the FTCA does not provide a private right of action, Plaintiffs' FTCA claim is dismissed with prejudice.

### C.    Equitable Estoppel

Plaintiffs' final claim is for equitable estoppel, also known as promissory estoppel.  The elements of a promissory estoppel claim are "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1137-38 (E.D. Cal. 2013) (quoting *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 891 (1976)).  Under the doctrine of promissory estoppel, "a promisor is bound when he should reasonably expect a substantial change of position, either by

1  act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement."
2  *Id*. (quotation omitted).

3      Plaintiffs' promissory estoppel claim appears based on the same alleged misrepresentations
4  described above in connection with the fraud claims. Compl. ¶ 54. They allege that in reliance on
5  Defendant's misrepresentations, they "avoided foreclosure alternatives." *Id*. at ¶ 54(c). The
6  problem with this claim is that Plaintiffs have not alleged that Defendant made "a promise clear
7  and unambiguous in its terms." "[A] promise is an indispensable element of the doctrine of
8  promissory estoppel. The cases are uniform in holding that this doctrine cannot be invoked and
9  must be held inapplicable in the absence of a showing that a promise had been made upon which
10 the complaining party relied to his prejudice." *Garcia v. World Savings, FSB*, 183 Cal. App. 4th
11 1031, 1044 (2010) (quotation omitted). As noted above, Plaintiffs represented at the hearing that
12 Defendant's representative told them that they would "most likely" receive a loan modification.
13 This falls far short of a clear promise. Even if Plaintiffs' allegations about Defendant's alleged
14 misrepresentations about the loan modification process were sufficient, it is not clear that
15 Plaintiffs justifiably relied on those misrepresentations in avoiding foreclosure alternatives, as
16 discussed above in connection with Plaintiffs' fraud claims.

17     Plaintiffs' promissory estoppel claim is dismissed with leave to amend to plead specific
18 allegations regarding Defendant's promise and Plaintiffs' justifiable reliance on the promise.

19 **IV.   CONCLUSION**

20     For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiffs' fraud and
21 promissory estoppel claims are dismissed with leave to amend. The FTCA claim is dismissed
22 with prejudice. Any amended complaint shall be filed within 30 days of the date of this order.
23 The court will conduct a further case management conference on November 16, 2016 at 1:30 p.m.

25 **IT IS SO ORDERED.**

26 Dated: September 6, 2016



Donna M. Ryu
United States Magistrate Judge